UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HILL,<br><br>    Petitioner,<br><br>v.<br><br>JAMES D. HARTLEY, Warden,<br><br>    Respondent. | 1:13-cv-00296 MJS HC<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

I.  **DISCUSSION**

    A.  <u>**Procedural Grounds for Summary Dismissal**</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See <u>Herbst v. Cook</u>, 260

1  F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably
2  incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
3  Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend
4  unless it appears that no tenable claim for relief can be pleaded were such leave granted.
5  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

6  **B.   Factual Summary**

7  On August 29, 2012, Petitioner appeared before the California Board of Parole
8  Hearings ("Board") and was denied parole. Petitioner claims the decision was unreasonable.
9  He also claims that his due process rights were violated when he was confined in a small
10 security cage during his interview/evaluation by a prison psychologist.

11 On March 1, 2013, Petitioner filed the instant petition for writ of habeas corpus.  (Pet.,
12 ECF No. 1.)

13 **C.   Federal Review of State Parole Decisions**

14 Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism
15 and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.
16 Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Furman v.
17 Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

18 A district court may entertain a petition for a writ of habeas corpus by a person in
19 custody pursuant to the judgment of a state court only on the ground that the custody is in
20 violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a),
21 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389
22 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010) (per curiam).

23 The Supreme Court has characterized as reasonable the decision of the Court of
24 Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected
25 by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures
26 with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d
27 732 (2011).

28 However, the procedures required for a parole determination are the minimal

requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).[1] Swarthout, 131 S.Ct. at 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63. This is true even though Petitioner is challenging the Governor's reversals, and not a decision by the Board. Swarthout, 131 S. Ct. at 860-61; Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir. 2011) ("[w]e now hold that the Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision.").

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

1    Here, Petitioner argues that the Board improperly relied on evidence relating to
2 Petitioner's crime. In so arguing, Petitioner asks this Court to engage in the very type of
3 analysis foreclosed by Swarthout. In this regard, Petitioner does not state facts that point to
4 a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief
5 because California's "some evidence" requirement is not a substantive federal requirement.
6 Review of the record for "some evidence" to support the denial of parole is not within the
7 scope of this Court's habeas review under 28 U.S.C. § 2254. The Court concludes that
8 Petitioner's claim concerning the evidence supporting the unsuitability finding should be
9 dismissed.

10    Although Petitioner asserts that his right to due process of law was violated by the
11 Board's decision, Petitioner does not set forth any specific facts concerning his attendance at
12 the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the
13 parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of
14 the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1.

15    Furthermore, to the extent that Petitioner challenges his placement in a security cage
16 during his psychological assessment, the actions are too attenuated from his Parole Board
17 hearing to implicate the duration of his confinement. A federal court may only grant a petition
18 for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the
19 Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for
20 a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d
21 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory
22 Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

23    In contrast, a civil rights action under 42 U.S.C. § 1983 is the proper method for a
24 prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136,
25 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes
26 to Rule 1 of the Rules Governing Section 2254 Cases.  "Habeas jurisdiction is absent, and a
27 § 1983 action proper, where a successful challenge to a prison condition will not necessarily
28 shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Petitioner challenges being placed in a security cage during his psychological assessment. The challenge does not invoke the minimal due process considerations provided during the parole hearing. Greenholtz, 442 U.S. 1. While the psychological assessment was used at his parole hearing, there is no reason to believe that the due process considerations present at the hearing would apply during the psychological assessment. His placement in a security cage is a condition of confinement and a civil rights complaint pursuant to 42 U.S.C. § 1983 is his "proper remedy." Preiser, 411 U.S. at 499. The Court expresses no opinion as to the merits of such a civil rights complaint.

As it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

**D.    Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>  (a)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

U.S. District Court
E. D. California

-5-

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   May 6, 2013          /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE